IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | |
| DIGITAL CONNECTIONS, INC., | ) ) | COMPLAINT |
| | ) ) | JURY DEMAND |
| Defendant. | ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation, and to provide appropriate relief to Rebecca Angela Shelley whom Defendant refused to employ and who was adversely affected by such practices. The Commission alleges that Rebecca Annette Shelley was denied employment at Digital Connections, Inc., in retaliation for filing a prior charge of discrimination.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

2. The unlawful employment practices alleged below were committed within the jurisdiction of the United States District Court for the Middle District of Tennessee, Nashville Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706 (f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5 (f)(1) and (3).

4. At all relevant times, Defendant Digital Connections Inc, (the "Employer"), a Tennessee Corporation, has continuously been doing business in the State of Tennessee and the City of Hendersonville, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Rebecca Annette Shelley filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. On or about November 8, 2004, Defendant Employer engaged in unlawful employment practices at its Hendersonville, Tennessee facility, in violation of Section 704 (a) of Title VII, 42 U.S.C. § 2000e-3.

8. On November 8, 2004, Rebecca Annette Shelley reported for work at Defendant sometime before 8:00 a.m.

9. Ms. Shelley had been referred by a temporary placement agency to Defendant's establishment to perform secretarial and data entry work.

10. When Ms. Shelley arrived at Defendant's office, she was met by Defendant's Human Resources Director.

11. When Defendant's Human Resources Director saw Ms. Shelley, the Director immediately called the temporary placement agency and cancelled the assignment, and refused to allow Ms. Shelley to work.

12. Defendant's Human Resources Director had been the human resources supervisor at a former employer at the same time Ms. Shelley had been employed there.

13. Ms. Shelley had filed a charge of discrimination against the former employer, and Defendant's Human Resources Director had been directly involved in the investigation at the former employer.

14. Defendant's Human Resources Director refused to allow Ms. Shelley to work at Defendant's place of business in retaliation for Ms. Shelley's filing a charge of discrimination against their former employer.

15. The effect of the practice(s) complained of in paragraph(s) 8 – 14 above has been to deprive Rebecca Annette Shelley of equal employment opportunities and

3

otherwise adversely affect her status as an employee, in retaliation for opposing unlawful discriminatory practices.

16. The unlawful employment practices complained of in paragraphs 8 – 14 above were intentional.

17. The unlawful employment practices complained of in paragraphs 8 – 14 above were done with malice or with reckless indifference to the federally protected rights of Rebecca Annette Shelley.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in retaliation and any other employment practice which discriminates on the basis of retaliation.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide protection against retaliation, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Rebecca Annette Shelley, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant Employer to make whole Rebecca Annette Shelley by providing compensation for past and future nonpecuniary losses resulting from the

unlawful practices complained of in paragraphs 8 – 14 above, including emotional pain, suffering, inconvenience, and humiliation, in amounts to be determined at trial.

    E.    Order Defendant Employer to pay Rebecca Annette Shelley punitive damages for its malicious and reckless conduct described in paragraphs 8-14 above, in amounts to be determined at trial.

    F.    Grant such further relief as the Court deems necessary and proper in the public interest.

    G.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by the Complaint.

Respectfully submitted,

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

*(signature)*
KATHARINE W. KORES
Regional Attorney
TN Bar No. 6283

*(signature)*
FAYE A. WILLIAMS
Supervisory Trial Attorney
TN Bar No. 11730

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
1407 Union Avenue, Suite 621
Memphis, Tennessee 38104
Telephone: (901) 544-0140

*(signature)*
SALLY RAMSEY
Senior Trial Attorney
TN Bar No. 18859

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
50 Vantage Way, Suite 202
Nashville, TN 37228
(615) 736-2105