**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 3:05-0710** |
| **v.** | ) | **JUDGE ECHOLS** |
| **DIGITAL CONNECTIONS, INC.,** | ) | |
| **Defendant.** | ) | |

**MEMORANDUM**

Pending before the Court is the Motion for Summary Judgment (Docket Entry No. 23), filed by Defendant Digital Connections, Inc. ("DCI"), to which the Plaintiff, the Equal Employment Opportunity Commission ("EEOC"), has responded in opposition (Docket Entry No. 29).

**I. FACTS**

This is a Title VII case for unlawful retaliation, although the facts of the underlying dispute are not germane to the pending Motion for Summary Judgment. In summary, a temporary employment agency referred Rebecca Annette Shelley to DCI to fill an employment position. By coincidence, DCI's Human Resource Director, Sarah Jones, was familiar with Shelley, as both of them had worked previously for the same employer. According to the Complaint, Jones knew that Shelley had filed a charge of discrimination against the former employer, and Jones was directly involved in the investigation of that charge. The EEOC alleges that Jones immediately contacted the temporary agency, cancelled



Case 3:05-cv-00710 Document 39 Filed 09/26/06 Page 1 of 6 PageID #: 279

the assignment, and refused to allow Shelley to work for DCI in retaliation for her previous filing of a discrimination charge. DCI denies the allegation that Jones retaliated against Shelley.

Turning to the matter pending before the Court, it is undisputed that Shelley filed a retaliation charge with the EEOC against DCI on November 8, 2004. On June 27, 2005, Shelley filed a voluntary Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Middle District of Tennessee.

In Schedule I of the petition, Shelley reported her employer as "DISABLED" and reported monthly gross wages, salary, and commissions of "$0.00." Item 4 of the "STATEMENT OF FINANCIAL AFFAIRS" is titled "Suits and administrative proceedings, executions, garnishments and attachments" and asks the bankruptcy debtor to: "List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case." In response, Shelley marked "None."

In item 20 of Schedule B of the petition, the debtor was asked to identify and describe "[o]ther contingent and unliquidated claims of every nature." In response, Shelley marked "None."

On July 19, 2005, while the bankruptcy petition was pending, the EEOC forwarded to counsel for DCI a proposed Conciliation Agreement, in which the EEOC requested that DCI pay Shelley a total of $54,800 to settle the claim. On August 25, 2005, the Bankruptcy Court confirmed Shelley's Chapter 13 Plan.

On September 13, 2005, the EEOC filed this lawsuit against DCI. In the Complaint, the EEOC states that it brought the action in part to provide appropriate relief for Shelley. The EEOC asks the Court to make Shelley whole by awarding backpay and prejudgment interest, as well as compensatory and punitive damages.

On January 30, 2006, the Bankruptcy Court dismissed Shelley's bankruptcy petition because Shelley failed to make a single payment under her Plan. On March 23, 2006, Shelley filed another voluntary Chapter 13 bankruptcy petition in the same court. She listed her occupation as "leasing assistant." As in the previous petition, Shelley marked "None" when asked to reveal "all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case" and to identify and describe "[o]ther contingent and unliquidated claims of every nature."

The 2006 Chapter 13 Plan, which was approved on June 5, 2006, requires Shelley to pay unsecured creditors $0. Shelley previously filed bankruptcy in 1994 and 1997 and jointly with her husband in 1990. At her deposition, Shelley testified she told her bankruptcy lawyer about the EEOC claim.

It is further undisputed that Shelley is not a party to the instant case, and that her bankruptcy attorney has subsequently amended Schedule B of Shelley's bankruptcy petition to respond to the request for identification of "[o]ther contingent and unliquidated claims of every nature" with the following: "Possible damages arising from E.E.O.C. vs. Digital Connections, U.S.

District Court, Middle District Tennessee, No. 3 05 0710 (Debtor is not a party to the suit)."[1]

## II. STANDARD OF REVIEW

A party may obtain summary judgment if the evidence establishes there are not any genuine issues of material fact for trial and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986); Covington v. Knox County School Sys., 205 F.3d 912, 914 (6th Cir. 2000). The moving party bears the initial burden of satisfying the Court that the standards of Rule 56 have been met. See Martin v. Kelley, 803 F.2d 236, 239 n.4 (6th Cir. 1986).

## III. ANALYSIS

DCI contends the Court should apply the doctrine of judicial estoppel to preclude this lawsuit where Shelley failed to identify her retaliation claim in her bankruptcy schedules. Judicial estoppel prevents a party from taking a position in a legal proceeding that is contradictory to a position taken by the party in a previous proceeding. New Hampshire v. Maine, 532 U.S. 742, 749 (2001). The purpose of the doctrine is to protect the integrity of the judicial process by prohibiting parties from deliberately changing their litigation positions to respond to the circumstances of the moment. Id.; Edwards v. Aetna Life Ins. Co.,

[1]The EEOC proffered a Statement of Additional Material Facts, to which DCI failed to respond. Under Local Rule 56.01(g), the additional material facts are deemed admitted for purposes of summary judgment.

690 F.2d 595, 598 (6th Cir. 1982). Judicial estoppel is an equitable doctrine that may be invoked by the Court at its discretion. See New Hampshire, 532 U.S. at 750.

The cases delineate several factors that should inform the Court's decision whether to apply the doctrine of judicial estoppel against a party. See New Hampshire, 532 U.S. at 750; Lewis v. Weyerhaeuser Co., 141 Fed.Appx. 420, 425 (6th Cir. 2005). But a recitation and examination of each of these factors is unnecessary here where DCI's motion founders on a fundamental precept: Shelley is not a party to this case.

Without doubt, Shelley should have disclosed in her 2005 and 2006 bankruptcy petitions her EEOC administrative charge and her interest in this lawsuit, and even good faith reliance on counsel is no excuse. See Lewis, 141 Fed.Appx. at 427. If she had brought this suit in her own name, the Court would have little hesitation in applying the doctrine of judicial estoppel to preclude her from proceeding with the claim. See Johnson v. Lewis Cass Intermediate School Dist. (In re Johnson), 345 B.R. 816, 822-825 (Bankr. W.D. Mich. 2006) (applying judicial estoppel to bar debtor from litigating adversary proceeding); Scott v. The Dress Barn, Inc., 2006 WL 962534 at *3-5 (W.D. Tenn. Apr. 12, 2006) (applying judicial estoppel to bar Title VII suit where plaintiff party failed to disclose claim in her bankruptcy proceeding).

The fact remains, however, that the EEOC, as the plaintiff party, decided to bring this lawsuit against DCI. Shelley did not file the action, she is not a party to it, and she did not control

the EEOC's decision to bring the action. See EEOC v. Apria Healthcare Group, Inc., 222 F.R.D. 608, 613 (E.D. Mo. 2004) (holding under similar facts that judicial estoppel should not be applied where EEOC filed lawsuit). The Court will not stretch to hold that Shelley abused the judicial process when she was not the master of it. In addition to protecting Shelley's rights, the EEOC brings this lawsuit to adjudicate the public interest in deterring retaliation for filing discrimination claims. See EEOC v. Waffle House, Inc., 534 U.S. 279, 291 (2002) ("The statute clearly makes the EEOC the master of its own case and confers on the agency the authority to evaluate the strength of the public interest at stake.") Because DCI has not cited the Court to any authority contradicting Apria Healthcare Group, the Court concludes that DCI has not shown its entitlement to summary judgment on the undisputed facts.

## IV. CONCLUSION

Because the EEOC, and not Shelley, filed this Title VII action, the Court concludes that this is not an appropriate case for the application of judicial estoppel. Therefore, DCI's Motion for Summary Judgment (Docket Entry No. 23) will be DENIED.

An appropriate Order shall be entered.

ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE